# DISSENTING OPINION

No. 04-10-00324-CV

**KILLAM RANCH PROPERTIES, LTD.**,
Appellant

v.

**WEBB COUNTY, TEXAS**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2007-CVQ-001680-D3
Honorable Michael P. Peden, Judge Presiding[1]

## DISSENTING OPINION TO MAJORITY OPINION ON MOTION FOR EN BANC RECONSIDERATION

Opinion by:    Steven C. Hilbig, Justice
Dissenting Opinion by:  Marialyn Barnard, Justice, joined by Sandee Bryan Marion, Justice

Sitting en banc:  Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Sandee Bryan Marion, Justice
                 Phylis J. Speedlin, Justice
                 Rebecca Simmons, Justice
                 Steven C. Hilbig, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  April 11, 2012

Because I find Webb County's lack of transparency and accountability in the bidding process troubling and disagree with the majority's holding that Webb County's sale of the property was proper, in compliance with the statute, and based on legislative intent, I dissent to the majority's opinion on motion for en banc reconsideration.  Reversal and remand is, in my opinion, mandated because the method of sale used in this case does not conform to standard business practices and offends notions of fair play, *Collins v. County of El Paso* does not support

---

[1] The Honorable Michael P. Peden, sitting by assignment.

the conclusion for which it is cited, but most importantly, there was more than a scintilla of evidence produced by Killam Ranch Properties, Ltd. in response to Webb County's motion for summary judgment.

The Texas Local Government Code provides county governments with two options for selling real property via a sealed bid process. *See* TEX. LOC. GOV'T CODE ANN. §§ 263.007, 272.001 (West Supp. 2011). Section 263.007 provides for "Sale or Lease of Real Property Through Sealed-Bid Procedure," while section 272.001 provides for "Notice of Sale or Exchange of Land by Political Subdivision." *Id.* Although the provisions share certain requirements, each provision also contains requirements the other does not. *Compare* TEX. LOC. GOV'T CODE ANN. § 263.007 *with* TEX. LOC. GOV'T CODE ANN. § 272.001 (section 272.001 does not require local governments to adopt county procedure for sale of real property, requiring only that local governments comply with enumerated requirements, and does not require local governments to establish minimum acceptable bid; section 263.007 requires both). In my opinion, a county government may not "bait" potential bidders with one method, and then "switch" to the other method after bids are received. It is also my opinion that the case relied upon by this court in its opinion does not support the "bait and switch" methodology–in fact, the case does not address such a situation.

In *Collins v. County of El Paso*, the county published a "Notice to Bidders" in the local paper without specifying the sale procedure to be used under the Local Government Code. 954 S.W.2d 137, 142-43 (Tex. App.—El Paso 1997, pet. denied). After a bid was accepted and the earnest money check deposited, the county commissioner's court, over the course of several weeks, was unable to procure sufficient votes to authorize the county judge to sign the warranty conveying the property. *Id.* at 143. Litigation ensued, and the County of El Paso asserted the

county commissioner's court had failed to provide proper notice of the proposed land sale pursuant to the mandates of section 263.007 of the Local Government Code. *Id*. The trial court granted summary judgment, finding section 263.007 controlled the sale, and its requirements were not met. *Id*. at 145.

On appeal, the El Paso Court of Appeals reversed, holding there are two methods by which a county may conduct a sale of real property–section 263.001, the alternate, "discretionary" procedure, and section 272.001, the "default" procedure that provides minimally sufficient procedures that counties must comply with when selling real property. *Id*. at 149-50. Because there was no evidence the county intended the bid procedure to be governed by the requirements of section 263.007, given the county's failure to adopt a procedure for the sale and its failure to reference either section 263.007 or section 272.001, the court held the "default" provision of section 272.001 controlled. *Id*. The County argued that even though section 263.007 was not explicitly referenced in the published Notice to Bidders, it could be inferred by the county's actions in attempting to sell the property that the county intended the sale to be conducted pursuant to section 263.007. *Id*. at 150. The appellate court rejected this argument, stating "[t]he absence in the record of any indication that County Commissioners adopted a procedure to sell real property by sealed bid renders moot a discussion of the second element required in Section 263.007—the determination of a minimum bid under Section 263.007(c)(2)." *Id.* at 149.

The majority opinion in this case relies on *Collins* for the proposition that a county commissioners court may choose to sell land under sections 263.007 or 272.001. And, if the commissioners court does not choose which section applies, then "as long as the sale complied

with the minimum statutory requirements of section 272.001, the sale was proper." Majority Op. at ____. However, *Collins* is inapposite here.

Unlike *Collins*, there is evidence, sufficient to raise a fact question for purposes of summary judgment, that the Webb County Commissioners Court adopted a procedure for the sale pursuant to section 263.007: (1) the commissioners court officially established a minimum bid of $10 million by a four to one vote; (2) the twenty-year veteran Webb County purchasing agent testified he received direction and instruction from the commissioners court to sell the property and that Webb County uses section 263.007 in its sales of real property, noting he never remembered Webb County ever using section 272.001 for a sale; and (3) Webb County's public notice and bid specifications specifically referenced section 263.007, stating, "The property will be sold through procedure pursuant to § 263.007, Texas Government Code. . . . The bid process is pursuant to § 263,007."

Thus, unlike *Collins*, there is evidence the commissioners court intended the sale of the property to be pursuant to section 263.007. Accordingly, there was no need to "default" to section 272.001. In *Collins* there was no evidence the county intended to implement section 263.007. Here, however, there is more than a scintilla of evidence of the commissioners court's intent that the land sale proceed under the requirements of section 263.007. To conclude Webb County's intent to proceed under one provision as opposed to the other is irrelevant undermines the clear legislative intent, shown by the enactment of two separate provisions with separate requirements. If the majority's opinion is correct, a county could advise bidders that the sale would be structured under the more stringent requirements of section 263.007, but then decline to be bound by such requirements upon whim. This completely undermines the confidence of potential bidders and opens the door to improper bidding procedures.

Allowing counties to advertise one procedure and then change its proverbial mind is tantamount to a "bait and switch" scheme. Simply put, a government entity should not be authorized to accept bids under the requirements of one provision and then change the requirements without basic notice and due process to the bidders. To suggest otherwise promotes a lack of accountability and transparency. Because I do not believe the *Collins* opinion supports this interpretation and I do not believe this was the legislative intent, I dissent.

The majority systematically attempts to eliminate evidence Killam Ranch presented in support of its motion for summary judgment by holding such evidence was no evidence. First, the majority holds the November 14, 2005 commissioners court "original minutes do not constitute any evidence of intent" for a minimum bid because several years later, after the bid was let and this suit was filed, the Webb County Commissioners Court decided to amend the minutes to reflect no minimum bid was required. Majority Op. at ____. Second, the majority holds the twenty-year veteran Webb County purchasing agent's testimony that he specifically has used section 263.007 and he could never remember using section 272.001 is no evidence of the Webb County Commissioners Court intent. *Id.* Third, the majority concludes the public notice and bid specifications that referenced section 263.007 stating "The property will be sold through procedure pursuant to § 263.007, Texas Government Code. . . . The bid process is pursuant to § 263.007" is no evidence of intent. *Id.* This is an appellate review of a summary judgment motion, and there is clearly some evidence, meaning there are genuine issues of material fact. The evidence cannot be discounted simply because Webb County attempted to withdraw the bid and reform the procedure years later.

Finally, the majority suggests this dissent is making "an equity argument." *Id.* My dissent is not based on equity; though I do believe allowing Webb County to "bait and switch"

its bidding procedures is unfair and may lead to inequitable results.  Rather, my dissent is based on application of the correct summary judgment standard of review and a proper interpretation of *Collins*.  Accordingly, I would hold the trial court erred in granting summary judgment in favor of Webb County and remand the matter for further proceedings.


                                         Marialyn Barnard, Justice